# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DUNCAN J. McNEIL, III,**

    Plaintiff,

vs.                                     Case No. 4:05cv378-MP/WCS

**UNITED STATES, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was recently reassigned to the undersigned. Doc. 6. Plaintiff, an inmate proceeding *pro se* in this civil action previously submitted a complaint. Doc. 1. The complaint has not been fully reviewed because Plaintiff has not yet been granted *in forma pauperis*. Plaintiff did not pay the filing fee at the time he submitted this complaint, and his *in forma pauperis* application is not on court forms as is required by local rules of this Court. Nevertheless, the undersigned has attempted to determine whether Plaintiff should even be granted *in forma pauperis* in light of his assertion in the complaint that he is under imminent danger of physical injury, a statement frequently made when a prisoner is not otherwise entitled to *in forma pauperis* status due to prior "strikes" in the federal courts pursuant to 28 U.S.C. § 1915(g).

In making that review, it is discovered that Plaintiff had previously filed numerous actions in the federal courts in the State of Washington where Plaintiff is currently incarcerated.  Judicial notice is taken of one recent case, CV-05-314-AAM, which was dismissed on October 21, 2005, with the order noting that the case had just recently been transferred from the Middle District of Florida where Plaintiff was attempting to "circumvent" prior orders from the courts in Washington which bar Plaintiff from proceeding *in forma pauperis*.  Doc. 9 of case 2:05cv314-AAM, Eastern District of Washington.  Plaintiff is obviously not entitled to *in forma pauperis* statutes and as explained in the numerous cases cited within that order, he has been attempting to deceive the federal courts into allowing him to proceed without full prepayment of the filing fees and get around a "pre-filing review" order entered by the Honorable Alan A. McDonald, a Senior United States District Judge in Washington.  *See* doc. 5, case 2:05cv200-AAM, also filed in the Eastern District of Washington.

As is apparent in this case, Plaintiff is attempting to avoid the § 1915 bar and is attempting to deceive this Court into believing that he is only a "civil detainee" and is not subject to the § 1915(g) bar.  As is clear from the orders of the courts in Washington who are obviously familiar with Plaintiff's filings and his incarceration, Plaintiff is not entitled to § 1915 privileges and should not seek to avoid those prohibitions by turning to the courts in Florida.  Another case transferred from the Middle District of Florida to the Eastern District of Washington, case 2:05cv211-AAM, recognized the lengths to which Plaintiff was seeking to avoid the prohibitions in that court by filing "up to 70 different judicial districts throughout the nation, all of which could wind up being transferred [back to Washington] since proper venue does not exist in those districts

and any allegation by plaintiff to the contrary is wholly frivolous." Doc. 8 of that case. Plaintiff's vexatious behavior will not be permitted to continue in this District.

Plaintiff has had more than three cases dismissed for reasons which count as strikes under § 1915(g) and he is not entitled to *in forma pauperis* status. Plaintiff has not presented any allegations showing he is in danger of imminent physical injury, and Plaintiff has not presented any allegations which show why this case should proceed in this Court. Because the cause of justice is only hindered in transferring a case that will clearly be dismissed if returned to Washington where it should have been filed originally, this case should simply be dismissed. Should Plaintiff again attempt to file an action in the Northern District of Florida, Plaintiff must submit full prepayment of the Court's $250.00 filing fee at the time of submission. Furthermore, any case filed in Florida must contain a short and concise statement of facts showing what actions transpired in this State and/or how Florida Defendants harmed Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g); that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for abuse of the judicial process; and that the Clerk of Court note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2005.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**